UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DENISE C. DEVELLIS,**

        **Plaintiff,**                    Civil Action No. 16-cv-12619

        v.                                District Judge Nancy G. Edmunds

**COMMISSIONER OF**                Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Denise Devellis filed this action seeking judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) The parties stipulated to remand the case to the Commissioner for further administrative action. (Docket no. 25.) Before the Court is Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA). (Docket no. 26.) This matter has been referred to the undersigned for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 27.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.    RECOMMENDATION**

    For the reasons that follow, it is recommended that Plaintiff's Application for Attorney Fees (docket no. 26) be **GRANTED IN PART** and **DENIED IN PART**.

## II.     RECOMMENDATION

### A.  Procedural History

On April 11, 2011, Plaintiff applied for Social Security Disability Insurance Benefits, alleging that she had been disabled since May 11, 2009.  (TR 129.)  On September 7, 2012, Administrative Law Judge Paul Jones issued an unfavorable decision on Plaintiff's claims.  (TR 12-23.)  On July 14, 2016, Plaintiff filed a complaint seeking judicial review.  (Docket no. 1.)  On March 29, 2016, Plaintiff filed a motion for summary judgment (docket no. 20) and a motion for leave to file excess pages pursuant to Rule 7.1(d)(3) of the Local Rules of the Eastern District of Michigan (docket no. 21).  In a text-only order, the Court denied Plaintiff's motion for leave to file excess pages and struck the originally filed motion for summary judgment.  On the same date, Plaintiff filed an amended motion for summary judgment, which did not exceed the 25-page limit of Rule 7.1(d)(3).  On May 26, 2017, the parties entered a stipulated judgment remanding this matter to the Commissioner for further administrative proceedings.  (Docket no. 25.)  Before the Court is Plaintiff's motion for attorney fees, which was filed on August 23, 2017.  (Docket no. 26.)

### B.  Law and Analysis

Plaintiff seeks an award reimbursing legal fees of $6,534.00 and costs of $86.90 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA provides that a court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A).  As noted above, the Parties stipulated to remand this matter to the Commissioner for additional proceedings.  (Docket no. 25.)  Accordingly, Defendant "agrees with plaintiff that an EAJA

2

award is warranted in this case." (Docket no. 29, p. 2.) However, Defendant objects to (1) the asserted amount of Plaintiff's expenses, and (2) the reasonableness of certain legal fees requested by Plaintiff.

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Sec'y of Health and Human Servs.,* 822 F.2d 19, 21 (6th Cir. 1987). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass,* 822 F.2d at 21 (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986)).

Plaintiff's counsel submitted a schedule of services provided to Plaintiff in connection with this case, including the date of the service, the time expended, and a description of the work involved. (Docket no. 26-2.) Claiming to have expended 36.3 hours at a rate of $180 per hour, Plaintiff's counsel seeks reimbursement of $6,534.00. (Docket no. 26-4.)

### 1. *Motion for Summary Judgment: Excess Pages*

Defendant contends that Plaintiff's counsel unreasonably expended time drafting an excessively long brief in support of Plaintiff's motion for summary judgment, which was struck by the Court for violating Local Rule 7.1(d)(3). (Docket no. 29, p. 2.) Defendant asserts that the Court should award only 55% of the requested fees associated with Plaintiff's motion for summary judgment, reasoning that 45% of the time billed was spent researching, drafting and editing 21 excess pages (out of 46 total pages). (*Id.* at 3.)

3

Plaintiff disputes this argument, contending that "the work was done." (Docket no. 30, p. 3.) However, notwithstanding the fact that Plaintiff's counsel actually expended the time associated with her reimbursement requests, the question before the Court is whether that time was reasonably expended. *See* 28 U.S.C. § 2412(d)(2)(A) ("'[F]ees and other expenses' includes . . . reasonable attorney fees.").

Because Plaintiff filed an excessively long brief without leave of court, the time spent drafting excess pages was not reasonably expended. Accordingly, Plaintiff should be awarded only 55% (representing 25 out of 46 pages) of the 11.8 hours billed for the "preparation" of her original motion for summary judgment and the 2.9 hours spent editing that document. In addition, the Court should find that Plaintiff's counsel unreasonably expended 1.4 hours on March 29, 2017 re-editing the original motion for summary judgment and 0.6 hours on the same date drafting a motion for leave to file an amended motion for summary judgment because neither of those tasks would have been necessary if Plaintiff had not initially filed an excessively long brief.

However, the Court should not accept Defendant's contention that Plaintiff's counsel unreasonably expended time researching the original motion for summary judgment. The 0.9 hours spent researching the original motion for summary judgment was reasonably expended, even if some of that research related to portions of the original motion that were cut from the amended version. In addition, the Court should not accept Defendant's assertion that Plaintiff's counsel unreasonably expended time preparing a motion for leave to file excess pages. Although ultimately the Court rejected that motion, it was not unreasonable for Plaintiff to have filed it.

Accordingly, the Court should award only 55% of the fees associated with preparation and editing of Plaintiff's original motion for summary judgment (14.7 hours times 0.55 = 8.085

4

hours), and should not award fees associated with the 1.4 hours spent re-editing the original motion for summary judgment on March 29, 2017 and 0.6 hours on the same date drafting a motion for leave to file an amended motion for summary judgment.

### 2. *Clerical Tasks*

Defendant contends that the Court should not award Plaintiff attorneys fees associated with tasks that are clerical or secretarial in nature. (Docket no. 29, p. 4.) In support, Defendant submits that "purely clerical or secretarial tasks should not be billed" under fee-shifting statutes, "regardless of who performs them." (*Id.* (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).) On this basis, Defendant objects to Plaintiff's requests for reimbursement of the following billing entries:

- The entry dated March 31, 2016 ("Correspondence sent to client forwarding an Application to Proceed without Prepaying Fees or Costs for client's completion, so that we can appeal in District Court, etc.") (0.4 hours)

- The entry dated September 19, 2016 ("Correspondence sent to three locations of defendant, via certified mail/return receipt requested, serving the Complaint and Summonses.") (0.9 hours)

- The first entry dated October 5, 2016 ("Preparation of Certificate of Service for serving the Summons and Complaint on the Commissioner for Social Security in Boston and for the U.S. Attorney General's office, and filed same electronically.") (0.4 hours)

- The first entry dated October 10, 2016 ("Preparation of the Certificate of Service for service of the Summons and Complaint on the U.S. Attorney in Detroit, on behalf of the Commissioner of Social Security.") (0.2 hours)

- The second entry dated December 16, 2016 ("Receipt of notice that the administrative transcript was filed by the Commissioner; downloaded and printed same and brief review.") Plaintiff's attorney requests 0.9 hours for this work, but the Commissioner respectfully submits that only 0.1 hours of that is reasonably compensable, since plaintiff's attorney did not contemporaneously record how long her "brief review" took.

(*Id.*)

Plaintiff contends that these amounts are reasonable and compensable under 28 U.S.C. § 2412. In support, Plaintiff asserts that "[c]orrespondence does not just involve secretarial time," and further attests that Plaintiff's counsel "works alone" and "for the most part is responsible for the work done on [her] cases." (Docket no. 30, p. 3.)

Plaintiff validly asserts that "correspondence" may in some cases constitute billable legal work. This appears to be the case with respect to the 0.4 hours that Plaintiff's counsel spent corresponding with her client on March 31, 2016 regarding the Application to Proceed without Prepaying Fees or Costs. Such correspondence would ordinarily include guidance regarding the nature of the application and instructions for completing it. Accordingly, the Court should grant Plaintiff's request for reimbursement of the fees associated with that billing entry.

The same cannot be said, however, with respect to the "correspondence" to Defendant on September 19, 2016 "serving the Complaint and Summonses." Such perfunctory correspondence would not ordinarily involve legal work, and Plaintiff offers no evidence to the contrary. The Court should not award reimbursement of the 0.9 hours associated with that entry.

Similarly, the Court should not award reimbursement of time spent preparing certificates of service. Whether or not Plaintiff's counsel actually prepared the certificates of service sent to Defendant on October 5, and October 10, 2016, that work is not legal in nature and should not be reimbursed at the rate of an attorney fee.

Finally, the Court should award reimbursement of the 0.9 hours that Plaintiff's counsel spent on December 16, 2016 performing a "brief review" of the administrative transcript. Although this billing entry combines review of the transcript with administrative tasks such as downloading and printing, those activities likely comprised only a small fraction of the 0.9

6

hours, which the undersigned regards as a reasonable amount of time to spend reviewing an administrative record that exceeded 1300 pages.

      3. *Hourly Rate*

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Such cost-of-living adjustments are left to the sound discretion of the district court and should be carefully considered, rather than rubber stamped, when awarding fees under the statute. *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d. 196, 199-200 (6th Cir. 1992) (citing *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)). In requesting an increase in the hourly rate, Plaintiff bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 898 (1984)).

Plaintiff requests reimbursement of her attorney's fees at the rate of $180 per hour. (Docket no. 26, p. 5.) Defendant does not object to this rate. (Docket no. 29, p. 2.) In her application for reimbursement, Plaintiff cites an approximately 53 percent increase in the consumer price index since March of 1996, when the $125 per hour rate was set. (Docket no. 26, pp. 5-6.) In addition, Plaintiff's counsel asserts that she "has extensive experience with appellate cases at the U.S. District Court level, both as primary counsel and/or local counsel for an out-of-state attorney," and cites several cases in which she has been awarded fees of either $170 or $180

7

per hour. (*Id.* at 6-7.) Based on these factors, the Court should reimburse Plaintiff's attorney fees at a rate of $180 per hour.

### 4. *Expenses*

Defendant objected to Plaintiff's request for reimbursement of $86.90 in costs. (Docket no. 29, p. 1.) Plaintiff's schedule of costs lists only two items: (1) postage and copy charges totaling $8.90 and (2) Westlaw research totaling $8.00. (Docket no. 26-3.) However, Plaintiff now attests that the Westlaw charge was actually $80.00, not $8.00. (Docket no. 30, p. 2.) Despite the typographical error in Plaintiff's original schedule, the Court should award the full amount of Plaintiff's costs, $86.90.

## III. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Application for Attorney Fees (docket no. 26) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court should award Plaintiff legal fees of $4712.40 ($180 per hour times 26.18 hours (36.3 hours billed minus 10.12 struck)) and $86.90 in costs, totaling $4799.30.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir.

8

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 29, 2018            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: May 29, 2018            s/ Leanne Hosking
                               Case Manager